**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| **FRANCES E. BEATTIE, as  Personal** | * | |
| **Representative of the Estate of ARTHUR** | | |
| **ARTHUR R. YODER, Deceased** | | |
| | * | |
| **Plaintiff** | | |
| | * | |
| **v.** | | **Civil Action No.  JFM03CV448** |
| | * | |
| **ACandS, Inc., et al.,** | | |
| | * | |
| **Defendants** | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## CERTIFICATION OF FILING OF STATE COURT PAPERS

Defendant Hopeman Brothers, Inc. ("Hopeman"), by its attorneys, files this Certification of Filing of State Court Papers pursuant to Rule 103.5.a of the Rules of the United States District Court for the District of Maryland and states as follows:

1.     On February 28, 2003, Defendant's counsel reviewed a copy of the electronic docket entries for <u>Yoder v. ACandS, Inc., et al.</u>, which was pending in the Circuit Court for Baltimore City, Maryland as Case Number 24X97157516.   A copy of the print-out of the "Documents Filed by Case" report from CourtLink copied on February 28, 2003 is attached hereto as Exhibit A.

1.     Upon review of the docket entries, it appeared that the following documents had been filed in the Circuit Court for Baltimore City.

> (1)    Letter to all counsel regarding Consolidation and Pre-Trial Scheduling Order for the September 15, 2003 Cases (Peter T. Nicholl Cases) filed October 9, 2002;

> (2)    Signed Consolidation and Pre-Trial Scheduling Order for the September 15, 2003 (Nicholl Cases) filed October 9, 2002;

> (3)    Hopeman Brothers, Inc.'s Notice of Filing of Notice of Removal

and exhibits filed February 19, 2003;

3.    The Short Form Asbestos Complaint filed in this case was  attached as Exhibit 1 to the Notice of Removal filed with this Court on February 19, 2003. This Complaint has not been filed on CourtLink.

4.    The state court pleadings listed above are attached hereto as Exhibit B.

WHEREFORE, Hopeman Brothers, Inc. hereby certifies that all filings in the Circuit Court for Baltimore City action have been or are herewith filed in the United States District Court for the District of Maryland.


_____/s/_____
David W. Allen (#00208)
Michael A. Pichini (#26342)
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, MD 21202
Phone:  (410) 783-4000
Fax:  (410) 783-4040

Attorneys for Defendant, Hopeman Brothers, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2003, a copy of the foregoing Certification of Filing of State Court Papers, was served by electronic submission via CM/ECF, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland, to:

Peter T. Nicholl, Esquire
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, MD 21201

_____/s/_____
David W. Allen

463936v1

3

**EXHIBIT A**

**Build Reports**

Select Report: | Documents By Case ▼ |    [ Refresh ]

### Documents Filed By Case Report
Report Created: Friday, February 28, 2003 10:11:06 AM                    [ Back ]

---

| **Court:** | Baltimore City Circuit Court | **Judge:** | Heller, Ellen | | **eFile Live Date:** | 7/9/2001 |
|---|---|---|---|---|---|---|
| **Division:** | N/A | **Case Number:** | 24X97157516 | | **Documents Filed:** | 4 |
| **Case Type:** | Personal Injury-Asbestos | **Case Name:** | Yoder, Arthur R et ux vs A C and S Inc CX-1039 | | **Date Range:** | All |

1 through 4 of 4

| ▲ Authorized Date | Authorizing Attorney | Organization | Document Title | Filing Type | Filing Option | Filing ID | Judicial Action | Linked |
|---|---|---|---|---|---|---|---|---|
| 10/9/2002 10:29:29 AM | Armand J Volta | Angelos, Peter G | Letter to All Counsel regarding Consolidation and Pre-Trial Scheduling Order for the September 15, 2003 Cases (Peter T. Nicholl Cases) | Letter | File And Serve | 971872 | N/A | |
| 10/9/2002 10:29:29 AM | Armand J Volta | Angelos, Peter G | Signed Consolidation and Pre-Trial Scheduling Order for the September 15, 2003 (Nicholl Cases) | Order | File And Serve | 971872 | N/A | |
| 2/19/2003 12:41:51 PM | David W Allen | Goodell DeVries Leech & Dann LLP | Hopeman Brothers, Inc.s Notice of Filing of Notice of Removal | Notice | File And Serve | 1428763 | N/A | |
| 2/19/2003 12:41:51 PM | David W Allen | Goodell DeVries Leech & Dann LLP | Hopeman Brothers, Inc.s Notice of Removal of Civil Action | Exhibits | File And Serve | 1428763 | N/A | |

1 through 4 of 4

---



                                                                                      [ Back ]

**EXHIBIT B**

LAW OFFICES

**PETER G. ANGELOS**

A PROFESSIONAL CORPORATION

ONE CHARLES CENTER

100 N. CHARLES STREET

BALTIMORE, MD 21201-3812

410-649-2000     (800) 252-6622

Armand J. Volta, Jr. (MD, DC, NY)
Direct Dial (410) 649-2092
Fax (410) 649-2111
Email - avolta@lawpga.com

October 9, 2002

TO:     Plaintiffs' Counsel
        Defense Counsel

FROM:   Armand J. Volta, Jr.

> **RE:    *Consolidated No. 24X02002208***
> ***Consolidation and Pre-Trial Scheduling Order***
> ***September 15, 2003 Cases (Peter T. Nicholl)***

Counsel:

    Attached please find the Consolidation and Pre-trial
Scheduling Order for the above captioned group which has been
signed by Judge Rombro.

                        Very truly yours,

                        */s/ Armand J. Volta, Jr.*

                        Armand J. Volta, Jr.

AJVjr/kms
Enclosure

**FILED**

| | | |
|---|---|---|
| IN RE:  BALTIMORE CITY | * | IN THE                    OCT  x  7002 |
| ASBESTOS CASES | | |
| | * | CIRCUIT COURT    **CIRCUIT COURT FOR** |
| | | **BALTIMORE CITY** |
| | * | FOR  24 x 02 002 208 |
| | * | BALTIMORE CITY |

        *    *    *    *    *

| | | |
|---|---|---|
| CHARLES ARRINGTON, et al., | * | SEPTEMBER 15, 2003 |
| Plaintiffs | * | ALL ISSUES CANCER CASES |
| v. | * | JUDGE |
| ACandS, Inc., et al., | * | CONSOLIDATED CASE NO. |
| Defendants | * | (LAW OFFICES OF PETER T. |
| | | NICHOLL) |

        *    *    *    *    *

**Cases Affected:**
                                    *

| | | |
|---|---|---|
| CHARLES ARRINGTON | | CASE NO. 24X97178555 |
| EDWARD ELLICK | * | CASE NO. 24X97213519 |
| ALVIN KODEK | | CASE NO. 24X97163518 |
| CRAWFORD MARSHALL | * | CASE NO. 24X97212506 |
| BENJAMIN NORTON | | CASE NO. 24X97157520 |
| JAMES RODGERS | * | CASE NO. 24X97190502 |
| SAMUEL WEDINGTON | | CASE NO. 24X97161505 |
| ARTHUR YODER | * | CASE NO. 24X97157516 |
| ROBERT YOUNG | | CASE NO. 24X97192524 and |
| | * | 24X01001227 |

        *  *  *  *  *  *  *  *  *  *  *  *  *  *

## CONSOLIDATION AND PRE-TRIAL SCHEDULING ORDER

It is this _1st_ day of _October_ , 2002, by the
Circuit Court for Baltimore City, ORDERED, that the above listed
cases are consolidated for trial and the Pre-Trial Schedule shall
be as follows, subject to further order of the Court.

Page 1

_____  Cases identified for trial.  Plaintiffs
identify the defendants they have served with
process.  Plaintiffs identify the parties
with whom they have settled.

*Defendants shall notify Plaintiffs within ten
(10) days of any case in which service is
contested.*

10/09/02   Plaintiffs provide executed answers to
interrogatories which identify each worksite
where plaintiff or plaintiff's decedent
worked, dates at each site, co-workers at
each site, asbestos-containing products (both
type and manufacturer) at each site, and
contractors installing asbestos products at
each site.  Plaintiffs respond to requests
for production of documents and tangible
things (including medical records plaintiffs
have had possession of).  Plaintiffs produce
authorization for records.  Plaintiffs
produce Social Security print-out.
Defendants must give notice to Plaintiffs of
any dispute contesting the adequacy of
discovery within seven (7) days of receipt of
discovery.

*Defendants must file any motions contesting
the adequacy of discovery within fifteen (15)
days of receipt of discovery.  Plaintiffs
shall respond within five (5) days.  Any
request(s) for conference with the Court
shall be filed with the motion(s) or
response(s).*

10/25/02   Direct defendants identify parties against
whom contribution/set-off, and indemnity
claims will be pursued.  Claims against any
party not so identified are hereby dismissed.

11/01/02   Last day for direct defendants to serve
third-party complaints.

11/15/02   Cross and third-party defendants identify
parties against whom contribution/set-off,
and indemnity claims will be pursued.  Claims
against any party not so identified are
hereby dismissed.

11/28/02    Last day for cross-and-third party defendants
            to serve complaints.

            Plaintiffs identify fact witnesses who may
            testify at trial.  Plaintiffs provide
            addresses for witnesses who they cannot
            voluntarily produce for deposition without a
            subpoena from defendants.

01/06/03    Plaintiffs name expert witnesses, provide
            Rule 2-402(e)(1) statements, and state
            available dates for deposition of expert
            witnesses.  Plaintiffs produce imaging and
            pathology which plaintiffs have had
            possession of and provide plaintiff-specific
            reports.

03/14/03    Last day for deposition of plaintiffs' fact
            witnesses who plaintiffs are able to
            voluntarily produce for deposition without
            subpoena by defendants.

05/01/03    Defendants and third-party defendants name
            all witnesses who may testify at trial,
            provide Rule 2-402(e)(1) statements, and
            state available dates for deposition of
            expert witnesses.  Defendants produce/return
            imaging and pathology which defendants have
            had possession of and provide plaintiff-
            specific reports.  Defendants provide
            addresses of fact witnesses they cannot
            voluntarily produce for deposition.
            Defendants provide executed answer to
            interrogatories which identify each worksite
            where plaintiff or plaintiff's decedent
            worked, dates at each site, co-workers at
            each site, and contractors installing
            asbestos products at each site.  Defendants
            respond to requests for production of
            documents and tangible things (including
            medical records defendants have had
            possession of).

            *Plaintiffs must file any motions contesting
            the adequacy of discovery.  Defendants shall
            respond within five (5) days.  Any request(s)
            for conference with the Court shall be filed
            with the motion(s) or response(s).*

Page 3

08/07/03    Last day for deposition of plaintiffs' fact
            witnesses who plaintiffs are unable to
            voluntarily produce for deposition without a
            subpoena by defendants.  Last day for
            deposition of defense fact witnesses other
            than witnesses not subject to deposition
            under Judge Levin's Order dated April 16,
            1990.  Last day for deposition of all expert
            witnesses.  Discovery complete.

08/15/03    File mandatory pre-trial motions, if any.
            Any such motion serve on adversaries by hand,
            fax or e-filing.  Copy provided to Judge's
            chambers on this date.

08/29/03    Respond to pre-trial motions.  Responses
            served on adversaries by hand, fax, or
            e-filing.  Copy provided to Judge's chambers
            on this date.

09/04/03    Pre-trial conference, 9:30.  Pre-trial
            motions hearing.  File voir dire.

09/15/03    Jury selection and trial.

                         So Ordered:

                         _____
                         Judge Richard T. Rombro

September2003AllIssuesNicholl.wpd

Page 4

PTN Cancer Group Five

~~Adams          II William   P.    LIVING        LUNG CANCER~~
~~Date Suit Filed 8/8/1997   Baltimore City Circuit Court      97-...cx1724~~

| START | STOP | EMPLOYER | JOBSITE | MILL/SECTION | AREA | TRADE |
|---|---|---|---|---|---|---|
| 59 | 63 | US NAVY | | | | ELECTRICIAN |
| 63 | 63 | GOLFPORT SY | PORT AR... | | | LABORER, ELECTRICIAN |
| 64 | 68 | HOUSTON CHEMICAL | ...T TX | | | LABORER, ELECTRICIAN, |
| 68 | 88 | BE... | BEAUMONT, TX SY | | | LABORER, |
| | | BS | SP SY | | | |

---

2   Arrington      Charles   L.    DECEASED      LUNG CANCER
    Date Suit Filed 6/27/1997   Baltimore City Circuit Court      24X97-178555cx1338

| START | STOP | EMPLOYER | JOBSITE | MILL/SECTION | AREA | TRADE |
|---|---|---|---|---|---|---|
| 56 | 63 | BS | SP SY | | | LABORER |

---

3   Ellick         Edward    S.    DECEASED      LUNG CANCER
    Date Suit Filed 8/1/1997   Baltimore City Circuit Court      24X97-213519cx1677

| START | STOP | EMPLOYER | JOBSITE | MILL/SECTION | AREA | TRADE |
|---|---|---|---|---|---|---|
| 53 | 86 | BS | SP SY | | | LABORER, WELD COUNTER |

---

4   Kodek          Alvin     J.    DECEASED      LUNG CANCER
    Date Suit Filed 6/12/1997   Baltimore City Circuit Court      97-163518cx1088

| START | STOP | EMPLOYER | JOBSITE | MILL/SECTION | AREA | TRADE |
|---|---|---|---|---|---|---|
| 73 | 81 | BS | KH SY | | | LABORER |
| 74 | 75 | MDD | MDD | | | LABORER, CRANE OPERATOR |

---

5   Marshall       Crawford        LIVING        LUNG CANCER
    Date Suit Filed 7/31/1997   Baltimore City Circuit Court      24X97-212506cx1646

| START | STOP | EMPLOYER | JOBSITE | MILL/SECTION | AREA | TRADE |
|---|---|---|---|---|---|---|
| 66 | 67 | BS | SP SS | COKE OVEN | | LABORER |
| 67 | 70 | CONTINENTAL CAN | BALTIMORE | | | LABORER |
| 78 | 79 | BS | SP SY | | | LABORER, WELDER |

---

6   Norton         Benjamin  J.    DECEASED      LUNG CANCER
    Date Suit Filed 6/6/1997   Baltimore City Circuit Court      97-157520cx1043

| START | STOP | EMPLOYER | JOBSITE | MILL/SECTION | AREA | TRADE |
|---|---|---|---|---|---|---|
| 50's | 50's | MDD | MDD | | | LABORER, WELDER |
| 50 | 50's | BS | KH SY | | | LABORER, WELDER |
| 62 | 65 | USCG | CB SY | | | LABORER, WELDER |
| 65 | 73 | KENNECOTT REFINERY | BALTIMORE | | | LABORER, WELDER |

| PTN Cancer Group Five | | | | | | |
|---|---|---|---|---|---|---|

**LAW OFFICES OF PETER T. NICHOLL**
**UNSCHEDULED CASE INFORMATION**

---

| 7 | Rodgers | Sr James | H. | DECEASED | | LUNG CANCER | |
|---|---|---|---|---|---|---|---|

Date Suit Filed 7/9/1997    Baltimore City Circuit Court    24X97-190502cx1422

| START | STOP | EMPLOYER | JOBSITE | MILL/SECTION | AREA | TRADE |
|---|---|---|---|---|---|---|
| 35 | 40 | BS | SP SY | | | LABORER, SHEET METAL WORKER |

---

| 8 | Wedington | Samuel | L. | LIVING | | LUNG CANCER | |
|---|---|---|---|---|---|---|---|

Date Suit Filed 6/10/1997    Baltimore City Circuit Court    97-161505cx1056

| START | STOP | EMPLOYER | JOBSITE | MILL/SECTION | AREA | TRADE |
|---|---|---|---|---|---|---|
| 66 | 68 | BS | SP SS | | | LABORER |
| 70 | TD | LOCAL 1429 | CB SY, BS SP SY | | | LONGSHOREMAN |

---

| 9 | Yoder | Arthur | R. | DECEASED | | LUNG CANCER | |
|---|---|---|---|---|---|---|---|

Date Suit Filed 6/6/1997    Baltimore City Circuit Court    97-157516cx1039

| START | STOP | EMPLOYER | JOBSITE | MILL/SECTION | AREA | TRADE |
|---|---|---|---|---|---|---|
| 56 | 75 | BS | SP SY | | | LABORER, ERECTOR |

---

| 10 | Young | Robert | F. | DECEASED | | LUNG CANCER | |
|---|---|---|---|---|---|---|---|

Date Suit Filed 7/11/1997    Baltimore City Circuit Court    24X97192524
7/30/2001    Baltimore City Circuit Court    24X01-001227

| START | STOP | EMPLOYER | JOBSITE | MILL/SECTION | AREA | TRADE |
|---|---|---|---|---|---|---|
| 42 | 45 | BS | FF SY | | | LABORER, WELDER |
| 45 | 66 | BS | SP SY | | | LABORER, WELDER |

---

Page 2

| | | |
|---|---|---|
| FRANCES E. BEATTIE, as Personal Representative of the Estate of ARTHUR R. YODER, dec'd. | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | BALTIMORE CITY |
| ACandS, INC., et al. | * | |
| Defendants | * | Case No.  24X97157516 |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### NOTICE OF FILING OF NOTICE OF REMOVAL

**TO:**    Peter T. Nicholl, Esquire
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201

PLEASE NOTE that, pursuant to 28 U.S.C. §§ 1331, 1442, and 1446, on this 19th day of February, 2003, Defendant Hopeman Brothers, Inc. has filed a Notice of Removal in the United States District Court for the District of Maryland, Northern Division, and have mailed a copy thereof to the Clerk of the Circuit Court for Baltimore City, Maryland.

**/s/ David W. Allen**
David W. Allen
Michael A. Pichini
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000

Attorneys for Defendant, Hopeman Brothers, Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of February, 2003, a true copy of the foregoing was served by electronic submission to CourtLink at www.courtlink.com, in accordance with ¶3(f) and ¶3(g) of the Order of Ellen M. Heller, Administrative Judge for the Circuit Court of Baltimore City, Maryland, dated May 24, 2001, and that a true copy thereof

was served by regular mail, postage prepaid, on all counsel of record, including, but not limited to:

Peter T. Nicholl, Esquire
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201

**/s/ David W. Allen**
Counsel for Defendant

461768v1

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

FRANCES E. BEATTIE, as              *
    Personal Representative of
    the Estate of ARTHUR R.         *
    YODER, Deceased
                               *

    Plaintiff                        *

v.                                  *       Civil Action No.

ACandS, Inc., et al.,               *

    Defendants                       *
*    *    *    *    *    *    *    *    *    *    *    *

## NOTICE OF REMOVAL OF CIVIL ACTION

TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

      PLEASE TAKE NOTICE that Defendant, Hopeman Brothers, Inc. ("Hopeman"), named in the civil action filed in the Circuit Court for Baltimore City, Maryland, Civil Case No. 24X97157516 CX1039 ("the State Case") hereby notes the removal of this action to the United States District Court for the District of Maryland. In support, Defendant states:

      1.    In 1978, Hopeman was served in the above-captioned matter through its Resident Agent with Plaintiff's Short Form Asbestos Complaint, a Writ of Summons, and an Inactive Civil Docket Plaintiff Information Form to which was attached a report from Steven M. Zimmet, M.D., dated September 23, 1996. **(Exhibit 1)**. These documents constituted Hopeman's first notice of this matter. Plaintiff's complaint is based upon the alleged exposure of Plaintiff Arthur R. Yoder to asbestos.

      2.    In paragraph 1 of the Short Form Asbestos Complaint, Plaintiff Yoder alleged that he was employed at the Bethlehem Steel Sparrows Point Shipyard from 1956 to 1975. No further information was provided in the Complaint about where he worked within that yard.

      3.    On January 17, 2003, Vernon Lee Oliver gave a deposition in certain cases which are

currently scheduled for trial.  During the course of that deposition, witness Oliver testified that he knew Plaintiff Arthur Yoder; that Mr. Oliver worked with and around Mr. Yoder on an almost daily basis; and that Mr. Yoder would have been around Hopeman Brothers, Inc., and the products it used on a daily basis.  A true copy of the deposition is attached as **Exhibit 2**, at 30-31.

4.    By agreement with counsel for Plaintiff, counsel for Hopeman Brothers, Inc., did not conduct any questioning of the witness Oliver specifically relating to Mr. Yoder's alleged exposure.

5.    Nonetheless, Mr. Oliver testified that he worked on Naval ships (see Exhibit    , at 11); that Mr. Oliver's work put him near work done by Hopeman Brothers, Inc., and specifically the cutting of certain bulkhead panels (see **Exhibit 2**, at 14-15); that Mr. Oliver saw the workers from Hopeman Brothers, Inc., cutting panels virtually every day from 1967 when he started until the mid-1970s at least, and that he would have been around their cutting work "[a]ll day just about." (see **Exhibit 2**, at 17).

6.    Mr. Oliver testified that he worked on "cargo ships, freighters, and Naval ships . . ." While Mr. Oliver described certain ships by hull number on which he recalled working, he further testified in response to questions by Plaintiffs' counsel that he remembered working on a number of ships that he could not identify by hull number.  (See **Exhibit 2**, at 11, 90). ).  In response to a question by counsel for Hopeman Brothers, the witness asserted that he worked around Hopeman Brothers and their panels on the Naval ships as well.  (See **Exhibit 2**, at 37.)

7.    The deposition of Vernon Oliver therefore establishes that Plaintiff Yoder worked around Hopeman Brothers on Naval ships during the years 1967 to 1975, for purposes of this motion.

8.    28 U.S.C. § 1442(a)(1) provides that:

(a) A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place where it is pending:

(1) The United States or any agency thereof or any officer (or any

person acting under that officer) of the United States or of any agency
thereof, sued in an official or individual capacity for any act under color
of such office . . ..

9.     The Short Form Complaint served herein incorporates Counts I and II of the Peter T.

Nicholl Master Complaint CT-5. A copy of that Master Complaint is attached as **Exhibit 3.**

10.     In Counts I and II, Plaintiff alleges that Defendant Hopeman manufactured, supplied

and sold asbestos-containing products to which he was exposed, resulting in injury to him.

11.     Removal to federal court is appropriate where the moving party demonstrates that it

acted under the direction of a federal officer, raises a federal defense to Plaintiff's claim, and shows

a causal nexus between Plaintiff's claim and the acts which Defendants allegedly performed under

the color of a federal office. See Madden v. Able Supply Co., 205 F. Supp. 2d 695 (S.D. Tex.

2002). This basis for removal has been recognized in an asbestos setting by this and other federal

district courts. See Pack v. ACandS, Inc., 838 F. Supp. 1099 (D. Md. 1993); Crocker v. Borden,

852 F. Supp. 1322, 1326-27 (E.D. La. 1994); but see Good v. Armstrong World Industries, 914 F.

Supp. 1125 (E.D. Pa. 1996)(remanded for lack of sufficient supporting information); Feidt v. OCF,

No. 96-4349 (D.N.J. 1997)(failure to warn allegations against removing defendant not sufficiently

under government control).

12.     To the extent that Hopeman did manufacture, supply or sell asbestos-containing

products to or for use on a Navy vessel, as is alleged by Plaintiff, Hopeman undertook those actions

at the direction of a federal officer. In fact, federal officers directed what products would be used

in all instances. Thus, to the extent that Plaintiff came into contact with asbestos-containing

products allegedly made, supplied or sold by these defendants, that occurred because officers of

the Navy and/or federal government directed that said asbestos-containing products be used.

Furthermore, by demonstrating these facts, Defendant Hopeman  has raised a federal defense.

See Boyle v. United Technologies Corp., 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed. 2d 442 (1998).

13.     Defendant incorporates by reference its Opposition to Plaintiff's Motion for Remand in

3

the case of <u>Johnnie B. Shaw v. ACandS, Inc., et al.</u>, pending before this Court under docket reference JFM02CV3782, as if the text of that document were set forth in full herein.  (A copy of that paper, without exhibits, is attached hereto as **Exhibit 4.**)

14.    The consent of other defendants in this action is not required, where removal is sought pursuant to 28 U.S.C. 1442(a)(1).  <u>Ely Valley Mines, Inc. v. Hartford Accident Indemnity Co.</u>, 644 F.2d 1310, 1315 (9th Cir., 1981); <u>National Audobon Society v. Development of Water & Power of the City of Los Angeles</u>, 496 F. Supp. 509 (E.D. Cal. 1980).
Hopeman reserves the right to amend this Notice of Removal.

15.    Hopeman reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

16.    As required by 28 U.S.C. §1446(a) and Local Rule 103(5)(2), true and correct copies "of all process, pleadings, and orders which have been served upon" Hopeman in the State Court lawsuit that is being removed, as of this date, are being filed with this Notice of Removal.  Such process, pleadings, and orders that are not already attached appear as **Exhibit 5.**

WHEREFORE, Defendant Hopeman Brothers, Inc., prays this action be removed to this Court.

_David W. Allen_
David W. Allen
Michael A. Pichini
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000

Attorneys for Defendant, Hopeman Brothers, Inc.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this __19[th]__ day of February, 2003, I caused a true and correct copy of the foregoing Notice of Removal to be served via first-class mail, postage prepaid, upon the following counsel of record:

4

Peter T. Nicholl, Esquire
The Law Offices of Peter T. Nicholl
36 South Charles Street
Suite 1700
Baltimore, Maryland 21201

David W. Allen
Counsel for Defendant

461916v1